DARRYL M. WOO (CSB No. 100513)
dwoo@fenwick.com
CHARLENE M. MORROW (CSB No. 136411)
cmorrow@fenwick.com
TYLER A. BAKER (CSB No. 65109)
tbaker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   (415) 875-2300
Facsimile:    (415) 281-1350

Attorneys for Defendants and Counterclaimants
INTERCEDE GROUP PLC and INTERCEDE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ACTIVIDENTITY CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERCEDE GROUP PLC AND INTERCEDE LTD., both of Lutterworth, UK,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 3:08-cv-04577 VRW<br><br>**STIPULATION AND [PROPOSED] ORDER FOR INJUNCTION AND RELATED RELIEF**<br><br>Judge:    Hon. Bernard Zimmerman |

1    Defendants and counterclaimants Intercede Group plc and Intercede Ltd. (collectively,
2    "Intercede"), Plaintiff ActivIdentity Corporation ("ActivIdentity"), and Mr. Michael Neumann
3    submit this stipulation and proposed order for a protective order for an injunction against Mr.
4    Michael Neumann and related relief.

5    On October 6, 2009, Plaintiff ActivIdentity proposed Mr. Neumann as a consultant under
6    Paragraph 10 of the Stipulated Protective Order ("Protective Order") entered in this case (Doc #
7    51 at 8) whereby he would obtain access to Intercede's confidential information, including
8    information designated as "Highly Confidential – Attorneys' Eyes Only" and provided a
9    undertaking signed by Mr. Neumann stating that he had read the Protective Order and agreed to
10   be bound by all of the provisions thereof.

11   Paragraph 9 of the Protective Order expressly prohibits an employee or independent
12   contractor of a party from serving as a consultant and further prohibits retained consultants or
13   experts from becoming an employee or independent contractor (which would include serving as a
14   non-litigation consultant) for a party for a period of two years following the conclusion of this
15   litigation.

16   On November 19, 2009, Intercede objected to the disclosure of Intercede's confidential
17   information to Mr. Neumann as permitted under the Protective Order.

18   On January 5, 2010, Mr. Neumann executed an agreement to directly serve as a non-
19   litigation consultant for ActivIdentity. ActivIdentity subsequently executed this same agreement
20   on January 12, 2010.

21   On January 8, 2010, this Court conducted a discovery conference and granted Intercede
22   leave to file a motion for protective order barring the disclosure of Intercede confidential
23   information to Mr. Neumann under the terms of the Protective Order. At the same time, the
24   Court ordered that Mr. Neumann could gain access to Intercede's confidential information,
25   including Intercede's most sensitive information – its technical specifications and source code --
26   in the interim based on his agreement to be bound by the Protective Order and on the risk that if
27   Intercede's motion was granted, Mr. Neumann may be disqualified and enjoined from any use of
28   Intercede's confidential information to which he may have been exposed. Doc # 95.

STIPULATION & [PROPOSED] ORDER FOR           - 1 -            Case No. 08-cv-04577 VRW
INJUNCTION AND RELATED RELIEF

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Following the discovery conference and the Court's Order granting Mr. Neumann interim access to Intercede confidential information, counsel for ActivIdentity provided and Mr. Neumann received the following documents containing Intercede confidential information concerning the technical specifications of its products, bearing the following bates numbers, title and dates:

1. INT0003386 - 3393: Card Server (15 September 2005);
2. INT0003394 - 3401: Device Batch System (21 November 2002);
3. INT0003402 - 3419: Edefice Applet Management - Web Integration (06 August 2002);
4. INT0003420 - 3428: IssueCard Key-Management Behaviour (21 November 2002);
5. INT0003429 - 3446: Key Ceremony HSM (21 November 2002);
6. INT0003447 - 3459: Open Platform card integration (8 July 2003);
7. INT0003460 - 3501: OpenPlatform SmartCard (06 March 2003); and
8. INT0003502 - 3516: Applet Management (20 October 2006)

On January 15, 2010, Intercede filed its motion for protective order barring the disclosure of Intercede confidential information to Mr. Michael Neumann. Doc # 97.

On January 20, 2010, the day that ActivIdentity's opposition to Intercede's motion for protective order was due, counsel for ActivIdentity sent a letter to Intercede which stated:

"ActivIdentity has reconsidered Intercede's objections to Mr. Neumann's disclosure and has elected to withdraw Mr. Neumann as a proposed consultant requiring access to Intercede's confidential information. Mr. Neumann will, of course, continue to be bound by the terms of the Protective Order, as stated in his undertaking."

On January 21, 2010, ActivIdentity filed a statement of non-opposition to the motion for protective order, disclosing for the first time that ActivIdentity had retained Mr. Neumann directly as a non-litigation consultant separate and apart from, and in addition to his proposed duties as an expert or consultant in the litigation. Doc # 104.

On January 22, 2010, Intercede filed a reply to ActivIdentity's statement of non-

opposition which requested that the Court grant the pending motion for protective order and order further necessary relief in light of the newly disclosed facts.

On January 25, 2010, ActivIdentity filed a motion to strike, or in the alternative, for leave to file an opposition brief to Intercede's request for sanctions and a finding of contempt in its reply brief.

On February 1, 2010, the Court issued an Order (Doc # 122): (1) granting Intercede's motion for protective order (Doc # 97) as unopposed; (2) denying without prejudice Intercede's motion for sanctions and contempt (Doc # 108), specifically stating that "[i]f defendants wish, they may re-file a properly noticed motion in compliance with the Civil Local Rules; and (3) denying ActivIdentity's motion to strike (Doc # 110) as moot.

Accordingly, the parties and Mr. Neumann hereby stipulate and request the Court order as follows:

1. Mr. Neumann is hereby enjoined from making any use of or disclosing any Intercede confidential information disclosed to him under Protective Order and the Court's Order.

2. Mr. Neumann has identified to Intercede in writing and under penalty of perjury, in Exhibit A, attached:

    a. an approximate date of when such confidential information was made available to him;

    b. when Mr. Neumann and ActivIdentity first entered into discussions regarding non-litigation consulting services;

    c. the nature, scope, and subject matter of Mr. Neumann's new consulting work for ActivIdentity; and

    d. when Mr. Neumann informed Wilson, Sonsini, Goodrich & Rosati that he was in direct contact with ActivIdentity, which included discussions regarding and/or an agreement to provide non-litigation consulting services.

3. Mr. Neumann has confirmed in writing and under penalty of perjury, in Exhibit A, attached, that:

    a. he has read and understood the Protective Order, the Court's Order, and this Order and agrees to abide by them;

    b. he has destroyed all copies of Intercede confidential information and any notes regarding this confidential information;

STIPULATION & [PROPOSED] ORDER FOR INJUNCTION AND RELATED RELIEF     - 3 -     Case No. 08-cv-04577 VRW

      c.      excluding outside counsel of record at Wilson, Sonsini, Goodrich & Rosati, he has not had any discussion with anyone, including any employee, officer, or director of ActivIdentity or anyone acting on its behalf, regarding Intercede's confidential information;

      d.      excluding outside counsel of record at Wilson, Sonsini, Goodrich & Rosati, he has not rendered any advice to anyone regarding Intercede's confidential information;

      e.      he has not, nor will he ever, discuss or otherwise disclose Intercede's confidential information to anyone at ActivIdentity; and

4. Mr. Neumann is disqualified from serving as a consultant or expert for ActivIdentity in this action with access to Intercede's confidential information.

5. ActivIdentity is barred from hiring Mr. Neumann as an employee or using him as an independent contractor, or consulting with Mr. Neumann's company, Agile Set LLC, for any purposes for two (2) years following the final conclusion of this litigation as provided by Paragraph 9 of the Protective Order.

6. Both parties shall abide by the Protective Order in all respects.

Dated: March 30, 2010

Respectfully submitted,

FENWICK & WEST LLP

By:  /s/ Joseph S. Belichick
        Joseph S. Belichick

Attorneys for Defendants
INTERCEDE GROUP PLC and INTERCEDE LTD.

Dated: March 30, 2010

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By:  /s/ Julie M. Holloway
        Julie M. Holloway

Attorneys for Plaintiff
ACTIVIDENTITY CORPORATION

Dated: March 29, 2010          Respectfully submitted,

MICHAEL NEUMANN

By: /s/ Michael L. Neumann
　　Michael Neumann

## ORDER

PURSUANT TO STIPULATION, AND GOOD CAUSE SHOWING, IT IS SO ORDERED.

Dated: ___April 1, 2010___          _____/s/ Bernard Zimmerman_____
　　　　　　　　　　　　　　　　　The Honorable Bernard Zimmerman
　　　　　　　　　　　　　　　　　United States District Court Magistrate Judge

## SIGNATURE ATTESTATION

I hereby attest that I have received Julie M. Holloway's concurrence in the e-filing of this document as indicated by the "conformed" signature (s/) above.

By: ___/s/ Joseph S. Belichick___
　　　Joseph S. Belichick

1  Dated: March __, 2010			Respectfully submitted,

2						MICHAEL NEUMANN

3						By: _____
							Michael Neumann

### ORDER

PURSUANT TO STIPULATION, AND GOOD CAUSE SHOWING, IT IS SO ORDERED.

Dated: _____			_____
							The Honorable Bernard Zimmerman
							United States District Court Magistrate Judge

### SIGNATURE ATTESTATION

I hereby attest that I have received Julie M. Holloway's concurrence in the e-filing of this document as indicated by the "conformed" signature (s/) above.

					By:	/s/ Joseph S. Belichick
						Joseph S. Belichick

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO